## Ginns v. Brinkman.

*Actions for death—Adult son—Pecuniary interest in life.*
1. The parents of an adult son, who makes weekly contributions to their support, although not living at home, have a pecuniary interest in his life, and may maintain an action for his death through the negligence of another.

*Automobiles—Guests—Ordinary negligence—Gross negligence.*
2. The duty of the driver of an automobile to a guest, or gratuitous passenger, is that of ordinary and reasonable care. While relieved from the exercise of the highest degree of care incident to common carriers for hire, the position that he is only liable for gross negligence is untenable.

Rule for new trial. C. P. No. 5, Phila. Co., Sept. T., 1921, No. 7061.

*John R. K. Scott*, for plaintiffs; *Swartz & Campbell*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Jan. 16, 1924.—The plaintiffs brought this suit to recover damages for the death of an adult son. The deceased was twenty-six years of age, not living at home, but there was testimony to the effect that he contributed $15 a week to his parents, the plaintiffs. The son met his death while in an automobile driven and owned by the defendant. The defendant's car was traveling eastwardly on Greenway Avenue and collided with a car going northwardly on 54th Street. The accident happened about 4 o'clock in the afternoon of Oct. 9, 1921, and the day was clear. There was evidence that the defendant's car was operated at an excessive rate of speed. The jury returned a verdict in favor of the plaintiffs for $2150, and the defendant has taken a rule for a new trial, in support of which a number of formal reasons are filed, and also that the court erred in refusing to charge the jury that if the relationship of parent and child, as between the plaintiffs and their deceased son, did not actually exist, there

Ginns v. Brinkman.

could be no recovery, and that the defendant was only liable for the death of plaintiffs' son, who was a gratuitous passenger in the automobile of the defendant, if the latter was guilty of gross negligence.

There was nothing in the case to warrant the affirmance of the third point submitted by the defendant for charge. The relationship of parent and child, as between the plaintiffs and the deceased, undoubtedly existed under the testimony in this case. This relationship was not disputed. The question was whether they had any pecuniary interest in the life of the deceased, whether their son contributed to their support. Nor do we know of any authority for the position that a defendant is only liable in the event of his gross negligence, in the event of injury to one he carries as a gratuitous passenger. Where one carries passengers for hire, his duty is to exercise the highest degree of care in the carriage of such passengers, but we take it he still owes the duty of ordinary and reasonable care with respect to those he carries in his automobile gratuitously.

The questions of fact in this case were for the jury. There was evidence that strongly indicated that the defendant failed to exercise reasonable care in approaching the intersection where the accident occurred; that he failed to observe the rule that the car coming from the right had the right of way.

The objection to the remarks of counsel, at the time of the argument, to the jury is without merit. The argument was that the jury could award damages to the plaintiffs for the loss, based upon the contribution which the deceased made to his parents. This was legitimate argument, and we fail to see any objection that could be made to it.

And now, to wit, Jan. 16, 1924, rule discharged, and judgment directed to be entered upon the verdict upon payment of the jury fee.